UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARC STEVEN CRAIG,

    Petitioner,

v.

                              CASE NO. 6:08-cv-923-Orl-19KRS
                              (6:98-cr-39-Orl-19KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Marc Steven Craig (Doc. No. 1). The Government filed a response to the motion (Doc. No. 4). Petitioner filed a reply to the response (Doc. No. 12). As discussed hereinafter, the Court concludes that Petitioner's § 2255 motion is untimely and must be denied.

*I.    Procedural History*

Petitioner was charged in a one count indictment with bank robbery by force or violence. (Criminal Case No. 6:98-cr-39-Orl-19KRS, Doc. No. 1, filed February 12, 1998).[1] On May 5, 1998, Petitioner entered a plea of guilty before United States Magistrate Judge Karla R. Spaulding. *Id*. at Doc. No. 19. Magistrate Judge Spaulding entered a Report and Recommendation, recommending that the guilty plea be accepted and that Petitioner be adjudicated guilty. *Id*. at Doc. No. 22. This Court accepted the plea and adjudicated Petitioner guilty as charged. *Id*. at Doc. No. 24. A sentencing hearing was conducted, and, on August 4, 1998, this Court entered a Judgment in a Criminal Case, sentencing Petitioner to a fifty-five month term of imprisonment to be followed by

---

[1] Criminal Case No. 6:98-cr-39-Orl-19KRS will be referred to as "Criminal Case."

twenty-four months of supervised release. *Id*. at Doc. No. 28. Petitioner did not file a direct appeal of his conviction or sentence.

## II.     *Timeliness of Petitioner's Motion*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one year limitation of § 2255.

Under the time limitation set forth in § 2255(1), Petitioner had one year from when his conviction became final to file a § 2255 motion. Petitioner's Judgment of Conviction was entered on August 4, 1998, and he did not file a direct appeal. Therefore, his conviction became final on August 14, 1998, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires). Thus, Petitioner had through August 14, 1999, to file his § 2255 motion. However, the instant proceeding was not filed until June 4, 2008, under the mailbox

2

rule. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

To the extent Petitioner contends that the instant motion is timely because § 2255(4) applies, this argument is without merit. Petitioner contends that he did not become aware of the consequences of the instant conviction until it was used to enhance his sentence imposed by the United States District Court for the Eastern District of Tennessee for the offense of bank robbery. Even assuming that the one-year limitation period did not begin to run until Petitioner was sentenced by the federal court in Tennessee, the judgment was entered in that case on August 16, 2005. *See* 2:04-cr-78-1 (E.D. Tenn.), Doc. No. 74. Additionally, the United States Supreme Court denied Petitioner's petition for writ of certiorari on February 27, 2007. *Id*. at Doc. No. 83. Petitioner, however, filed the instant motion on June 4, 2008, more than one year from either the date the judgment was entered or the petition for writ of certiorari was denied in his Tennessee case.

Likewise, to the extent Petitioner summarily asserts that equitable tolling applies, this argument is without merit. The Eleventh Circuit Court of Appeals has recognized the applicability of equitable tolling to habeas proceedings; however, such tolling is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998). Petitioner's summary assertion that equitable tolling should apply is not sufficient to demonstrate

the existence of extraordinary circumstances that were both beyond his control and unavoidable even with diligence.

Petitioner also asserts that the merits of the instant motion should be considered because he is actually innocent of the offense. The Eleventh Circuit has held that, "[a]ctual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [the petitioner's] failure timely to file his § 2255 motion." *United States. v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (citing *Bousley v. United States*, 523 U.S. 614 (1998)). "To establish actual innocence, petitioner must demonstrate that, '"'in light of all the evidence,'"' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id*. (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner does not assert that he is actually innocent of the offense of bank robbery. *See* Doc. No. 12 at 2. Instead, he merely asserts that he did not use a gun during the commission of the bank robbery. *Id*. The Court notes that during the sentencing hearing, Petitioner's counsel indicated that Petitioner used a toy gun to perpetrate the offense. (Criminal Case Doc. No. 29 at 5, 24.) The Court concludes that Petitioner's allegations simply do not establish that he is actually innocent of the offense of bank robbery. For all the foregoing reasons, the Court finds that the instant motion is untimely.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### III.     *Petition for Writ of Error Coram Nobis*

Petitioner maintains that he is entitled to relief pursuant to 28 U.S.C. § 1651. "In criminal matters, '[f]ederal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice.'" *Bonadonna v. Unknown Defendant*, 2006 WL 1374470, *2 n.2 (11th Cir. 2006) (*quoting United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000)). A writ of error coram nobis may be issued only when 1) "there is and was no other available avenue of relief," and 2) "'the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'" *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (*quoting Moody v. United States*, 874 F.2d 1575, 1576-77 (11th Cir 1989)). A district court "may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204. "A petitioner may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements." *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

In the instant case, Petitioner could have raised all of the challenges he raises in the instant motion in a section 2255 motion. Petitioner, therefore, has not established that there was no other avenue of relief available to him. Therefore, Petitioner is not entitled to coram nobis relief pursuant to 28 U.S.C. § 1651.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number and to terminate the motions to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 38) pending in that case.

**DONE AND ORDERED** at Orlando, Florida, this __4th___ day of March, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 3/5
Marc Steven Craig
Counsel of Record